
O

# United States District Court
# Central District of California

| | |
|---|---|
| RCRV, INC., d/b/a ROCK REVIVAL, <br><br> Plaintiff, <br> v. <br> AFFLICTION HOLDINGS, LLC et al., <br><br> Defendants. | Case No. 2:16-cv-03582-ODW-E <br><br> **ORDER GRANTING ANDREW V. JABLON'S MOTION TO WITHDRAW AS COUNSEL [32]** |

     On September 26, 2016, Andrew V. Jablon ("Jablon") moved to withdraw as counsel of defendant and counterclaimant Affliction Holdings, LLC ("Affliction"). (ECF No. 32.) Alan Schnapper, the Chief Financial Officer of Affliction, consented to the withdrawal of Jablon and the substitution of previously retained counsel Brent H. Blakely ("Blakely") on October 11, 2016. (*Id.*; Proposed Order on Request for Approval of Substitution of Attorney, ECF No. 32-1.)

     Local Rule 83-2.9.2.1 requires an attorney to obtain leave from the court to withdraw as counsel. California's Rules of Professional Conduct generally govern an attorney's conduct before this Court, including circumstances permitting withdrawal. *See* L.R. 83-3.1.2. Rule 3-700(C)(5) allows an attorney to request withdrawal if the client has knowingly and freely assented to the termination of the attorney's employment. Cal. R. Prof'l Conduct 3-700(C)(5).

     A district court has discretion to permit or deny an attorney's withdrawal. *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. 2:09-cv-3200 PSG(VBKx), 2009 WL 2337863, at *1 (C.D. Cal. July 28, 2009). Courts often

consider four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.*

Here, Affliction's CFO has expressly agreed to Jablon's withdrawal, and seeks to continue using previously retained counsel Blakely. Given that California Rule of Professional Conduct 3-700(C)(5) allows for permissive withdrawal when the client knowingly and freely assents to termination of the attorney's employment, the Court finds that the parties will not suffer prejudice due to Jablon's requested withdrawal, nor will the withdrawal hinder or adversely affect the orderly administration of justice or result in a delay of the resolution of this case. The Court therefore **GRANTS** Jablon's Motion to Withdraw as Counsel. (ECF No 32.) Jablon is **ORDERED** to serve a copy of this Order on all parties and file proof of service with the Court.

**IT IS SO ORDERED.**

November 1, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**